# UNITED STATES DISTRICT COURT

## District of Kansas

(Kansas City Docket)

UNITED STATES OF AMERICA,

              **Plaintiff,**

      **v.**                          **CASE NO.  22-cr-20030-DDC-TJJ**

BRIAN CHANSKY,

              **Defendant.**

# INFORMATION

**THE UNITED STATES ATTORNEY CHARGES**:

At all material times:

## CLEAN WATER ACT (CWA)

1.      The Federal Water Pollution Control Act is commonly known as the Clean Water Act.  Through the CWA, the discharge of pollutants into the waters of the United States by any person shall be unlawful, except in limited circumstances (33 U.S.C. § 1311(a)).  The United States Environmental Protection Agency ("EPA") has primary responsibility for carrying out the provisions of the CWA.

2.      In 1972, Congress, in recognition of the critical part sewer systems play in water pollution abatement, devised a new approach to oversight of sewer systems and publicly owned

treatment works ("POTWs") that handle wastewater.  These provisions of the CWA are commonly referred to as the pretreatment program.  The pretreatment program included financing for the construction and upgrading of sewer systems and POTWs, and regulation of both POTWs and their dischargers.  POTWs became subject to the National Pollutant Discharge Elimination System ("NPDES") program, meaning they are required to have a permit in order to discharge into waters of the United States.  In addition, Congress directed the EPA to promulgate regulations setting pretreatment standards for discharges into POTWs.

3.      Pursuant to Section 307(b) of the CWA, 33 U.S.C. § 1317(b), EPA promulgated, "regulations establishing pretreatment standards for introduction of pollutants into [publicly owned] treatment works . . . ."  These regulations are codified at 40 C.F.R. § 403.

4.      Section 307(d) of the CWA, 33 U.S.C. § 1317(d), makes it, "unlawful for any owner or operator of any source to operate any source in violation of any . . . pretreatment standard," promulgated pursuant to Section 307(b), 33 U.S.C § 1317(b), i.e., the pretreatment standards set forth in 40 C.F.R. §§ 403.5 and 403.6.

5.      Section 309(c) of the CWA, 33 U.S.C. § 1319(c), provides for criminal sanctions for violation of Section 307(d) of the CWA, 33 U.S.C. § 1317(d).

6.      Title 33, United States Code, Section 1319(c)(2)(A) makes it a crime to knowingly violate any requirement imposed in a pretreatment program.

7.      EPA has promulgated specific pretreatment prohibitions, including, in relevant part, prohibitions against introducing into a POTW:

A pollutant or hazardous substance, where the person knew or should have known such pollutant could cause personal injury or property damage, 33 U.S.C. §§ 1319(c)(1)(B) & (c)(2)(B).

A discharge in violation of standards applicable to specific industrial subcategories known as Categorical Standards, 33 U.S.C. §§ 1319(c)(1)(A) & (c)(2)(A), codified at 40 C.F.R. § 403.6. Metal Finishing facilities are identified are required to meet specific categorical standards for their industry, 40 C.F.R. §§ 413 and 433.

A discharge in violation of federal pretreatment standards, 33 U.S.C. §§ 1319(c)(1)(A) & (c)(2)(A), and 1317. Title 33, United States Code, Section 1342 requires the Administrator of the EPA to issue a permit under the NPDES program for the discharge of pollutants from a point source. The State of Kansas has been delegated the authority to administer the federal NPDES Program pursuant to Section 402 of the CWA. The EPA maintains concurrent enforcement authority with delegated state NPDES programs for violations of the CWA.

## JOHNSON COUNTY, KANSAS REGULATIONS

8.    Johnson County, Kansas Code of Regulations for Sanitary Sewer Use prohibits any discharge having a pH less than 5.5 or greater than 10.5, Article 4, Part C, Section 2(d). Additionally, any discharge containing iron, chromium, copper, zinc, and similar objectionable or toxic substances; or wastes exerting an excessive disinfection requirement or adversely affecting sludge disposal methods utilized by the Unified Wastewater Districts, to such degree that any such material measured at the source exceeds the limits established by the Environmental Department for such materials, is prohibited, Article 4, Part C, Section 2(j).

9.    Johnson County Wastewater ("JCW") issues Industrial Wastewater Discharge Permits to private entities which identify wastewater discharge limitations and monitoring among other requirements.

## DISPOSABLE INSTRUMENT COMPANY, INC.

10.     Disposable Instrument Company, Inc. ("DIC") located in Lenexa, Johnson County, Kansas, manufactured medical/surgical components from stainless steel and aluminum bar stock for the medical device industry.  Bars are machined, grinded, shaped, and electroplated. The regulated waste stream is wastewater generated during the metal finishing operations: electro-polishing (chemical milling) and grinding.  Wastewater is continuously discharged during operations.  Regulated process wastewater is pretreated in a system consisting of carbon and cation exchange filters, along with pH neutralization, prior to discharge to the sanitary sewer system.

11.     DIC was issued an Industrial Wastewater Discharge Permit by Johnson County Wastewater ("JCW") on January 2, 2015.  The permit identifies wastewater discharge limitations and monitoring requirements, sampling and analysis requirements, compliance schedules, reporting requirements, standard and special conditions, and pretreatment standards excerpted from the Johnson County Code of Regulations for Sanitary Sewer Use.

12.     In as early as 2016, DIC began bypassing the pretreatment system and sending the discharge directly to the sewer and dumping hazardous waste into a dumpster behind the DIC manufacturing building. During this time, DIC reduced the amount of hazardous waste being manifested for shipment and disposal while maintaining consistent production activities.

13.     On September 13, 2018, the EPA's National Enforcement and Investigations Center ("NEIC") installed two samplers in the manholes downstream and upstream from DIC to collect water samples when the pH was less than 5 or greater than 11. Both samplers were removed on October 22, 2018 and the results were evaluated at the NEIC laboratory in Denver,

Colorado. In 2019, DIC exceeded their wastewater discharge permit limits on September 24th, 28th, October 1st, 9th, 11th, 12th, 17th, 18th, 19th, and 22nd.

## DEFENDANT BRIAN CHANSKY

14.     Brian Chansky worked for DIC for more than thirty years, and he has been the owner and president since approximately 2015. In addition to his duties as president, the defendant was often on the production floor and assisted in managing the company's approximately 15 employees.

15.     During the manufacturing process, medical parts were washed and then electropolished using acid and a chemical called EPS 4000 Electropolish. The processed wastewater was designed to flow to a three-sectioned tank called the "pig pen." The electropolishing tank was drained to the "pig pen." The first tank was pumped through the pre-treatment system, which includes a carbon filter, and two cation exchange filters. The filter removed most of the larger metals. After the filters, the wastewater went into the middle tank of the "pig pen", where it was treated with Caustic Soda 50% to raise the pH. A pH probe was used in the second tank to monitor the pH. Once the wastewater was neutralized, the wastewater ran over into the third tank. The overflow from this tank was piped directly to the sewer.

16.     In August of 2018, an employee alerted the defendant that DIC employees were bypassing the pretreatment process and dumping electropolishing solution in the back parking lot of the facility and directly into the sewer.

17.     By bypassing the pretreatment process and dumping hazardous material into the DIC dumpster and the Johnson County sewer system, the company saved money and resources that would have been devoted to proper disposal practices.

## COUNT 1
### (Clean Water Act Violation)

18.     Paragraphs 1 through 17 are incorporated herein as though fully set forth.

19.     From on or about September 24, 2018, through October 22, 2018, in the District

of Kansas, the defendant,

**BRIAN CHANSKY**,

did knowingly discharge or cause the discharge of pollutants, namely wastewater, in excess of its

Johnson County Industrial Wastewater Discharge Permit, issued pursuant to Section 402 of the

Clean Water Act.

In violation of Title 33, United States Code, Sections 1311(a), 1319(c)(2)(A), and Title

18, United States Code, Section 2.


                                                    **Duston J. Slinkard**
                                                    United States Attorney


July 14, 2022                                        **s/Jabari B. Wamble**
DATE                                                Assistant United States Attorney
                                                    500 State Avenue, Suite 360
                                                    Kansas City, Kansas 66101
                                                    (913) 551-6730
                                                    (913) 551-6541 (fax)
                                                    Kan. S.Ct. No. 22730
                                                    jabari.wamble@usdoj.gov

## **PENALTIES**

Count 1: 33 U.S.C. §§ 1311(a), 1319(c)(2)(A)

- Not more than three years imprisonment – 33 U.S.C. § 1319(c)(2)(A);
- Not more than $50,000 per day fine for violation and not less than $5,000 per day fine for violation - 33 U.S.C. § 1319(c)(2)(A);
- Not more than one year of supervised release – 18 U.S.C. § 3583(b)(3) and $100 special assessment -18 U.S.C. § 3013(a)(2)(A).